UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARLOW CUADRA,** | : |
|         **Petitioner** | : |
| **vs.** | : |
| | :   **CIVIL ACTION No. \_\_\_\_** |
| **JOHN E. WETZEL, Secretary, Pennsylvania.** | : |
| **Department of Corrections, VINCE** | : |
| **MOONEY, Superintendent of the State** | : |
| **Correctional Institution at SCI- COAL** | : |
| **TOWNSHIP,** | : |
|         **Respondent** | : |

## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Harlow Cuadra, through undersigned counsel hereby files this petition for a writ of habeas corpus pursuant to 28 **U.S.C.** § 2254 which provides that a Petitioner may file a Writ of Habeas Corpus in the United States District Court following exhaustion of his state appellate rights. In support of this Petition, Petitioner states the following:

1.    Petitioner, Harlow Cuadra, is in the custody of the Commonwealth of Pennsylvania in the State Correctional Institution at Coal Township under a sentence of mandatory life imprisonment for the Luzerne County conviction for First Degree Murder and related charges.

2.    The Petitioner was arrested and charged with First Degree Murder, conspiracy and other related offenses in the death of Bryan Kocis on January 24,

2007. The Commonwealth alleged that the co-Defendant Joseph Kerekes and the Petitioner had murdered the victim to steal his gay pornography business.

3. The Defendant was subject to multiple changes of counsel through no fault of his own, including:

    a. At the time of arraignment, the Petitioner applied for and was accepted by the Luzerne County Public Defender's office.

    b. The Commonwealth filed a Petition to disqualify the Public Defender due to a conflict of interest, following the Court granting said petition, Conflict Counsel was appointed by the Court.

    c. The Defendant then retained private counsel, Attorney Demetrius Fannick, Esquire. The Commonwealth moved to disqualify Attorney Fannick due to a conflict of interest, which the Court granted.

    d. The Court then reappointed the same conflict counsel who represented the Petitioner at a pre-trial hearing on November 20, 2008.

    e. The Petitioner then was able to privately retain Paul Walker, Esquire and Joseph Andrea, Esquire to represent him and they entered their appearance on December 10, 2008.

4.  Trial was scheduled for February 24, 2009 and new counsel requested a continuance to prepare for trial, which was denied by the Trial Court.

5.  Petitioner was convicted following an almost three week trial on March 12, 2009 of all counts. Following the Conviction and during the penalty phase the jury declined to impose the death penalty.

6.  The Defendant was sentenced on the remaining charges on March 16, 2009.

7.  Defendant filed a timely Petition for direct appeal on April 7, 2009 with the Superior Court which was denied in a three-page opinion. He then timely filed a Petition for Allowance of Appeal with the Superior Court that was denied on May 3, 2011.

8.  Defendant timely filed a Petition for Post-Conviction Collateral Relief. This Petition, following hearing was denied on March 12, 2014.

9.  The Defendant timely filed a Notice of Appeal to the Superior Court, said PCRA appeal was denied by the Superior Court on May 8, 2015. A timely Petition for Allowance of Appeal was filed with the Supreme Court and denied on October 7, 2015, thus exhausting all of the Petitioner's state appellate rights.

## Claim for Relief

**I.   PETITIONER'S RIGHT TO COUNSEL UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WAS VIOLATED.**

10.   These Sixth Amendment violations constitute a structural error and thus are not subjected to a harmless error analysis.

**A. Disqualification of Attorney Fannick**

11.   The Trial Court's decision to remove Petitioner's Counsel Demetrius Fannick, on the basis of an alleged and speculative conflict of interest violated the Defendant's Sixth Amendment right to counsel.

12.   Thus, Defendant should be granted a new trial for violation of his Sixth Amendment right to counsel under the standards set forth in **Wheat v. U.S.**, 486 U.S. 153, 108 S.Ct. 1692 (1988).

13.

**B. Failure to Grant Continuance to New Counsel**

14.   The Trial Court's decision not to grant a continuance of the February 27, 2009 trial denied the Defendant his rights to effective assistance of counsel in that they did not have sufficient time to prepare for a murder trial that lasted almost three weeks.

15.   The Defendant's Sixth Amendment right to effective assistance of counsel was violated by the Commonwealth's twice Petitioning to remove counsel

which it believed would be effective and thus resulted in multiple changes of counsel, making it impossible for there to be any continuity in defense strategy.

### C. Ineffective Assistance of Counsel in failing to present duress defense or request duress instruction

16. The Petitioner's Trial Counsel solicited evidence from several Commonwealth witnesses, as well as presented evidence from defense witnesses that co-Defendant Kerekes, who pled guilty to first degree murder prior to Petitioner's trial, had a violent temper, was jealous and possessive of the Petitioner, and controlled him, and that they were afraid that Kerekes would hurt the Petitioner, whom he used to pose for pornography and gay "escort" service.

17. On August 12, 2008, prior Conflict Counsel had Petitioned the Court for a psychiatric examination and received approval from the Court to hire Dr. Richard Bohn Krueger to perform a psychiatric examination on Petitioner.

18. Because of the change in counsel and the rush by new defense counsel to prepare for trial, this evaluation was never performed and thus there was no psychiatric evidence to support the duress defense.

19. Despite the solicitation of evidence regarding Kerekes' treatment of Petitioner, Trial Counsel never put before the jury that duress is a defense to first degree murder or requested that the Trial Court give an instruction on the duress defense.

20. The Defendant was prejudiced by this failure to introduce a duress defense or to request the instruction in that there was more than sufficient evidence to persuade the jury that he was under duress from Mr. Kerekes and the outcome of the trial might well have been different as a result reducing the conviction to Third Degree Murder at a minimum.

21. The failure to present a defense of duress and to request the instruction on duress violated the Petitioner's right to effective assistance of counsel under the Sixth Amendment to the U.S. Constitution. **Wheat v. U.S.**, 486 U.S. 153, 108 S.Ct. 1692 (1988).

### D. Failure to object to several questions from the Trial Court to Petitioner after the Commonwealth had finished its cross-examination

22. Following the Prosecuting Attorney's cross-examination of the Defendant/Petitioner, the trial Court asked multiple questions on different issues to which Defendant had testified.

23. Defense counsel failed to object or take exception to this lengthy questioning.

24. The questioning of the Petitioner by the Trial Court was both protracted and showed bias against the Defendant thus prejudicing the Defendant.

25. The Trial Court was, in fact, doing the work of the Prosecuting Attorney in asking questions which were not asked on cross-examination and gave

the impression to the jury that the Trial Court did not believe the Petitioner's testimony.

26. The failure to object to improper questioning by the Trial Court violated the Petitioner's right to effective assistance of counsel under the Sixth Amendment to the U.S. Constitution. **Wheat v. U.S.**, 486 U.S. 153, 108 S.Ct. 1692 (1988).

### E. Failure to Request a Curative Instruction when the Prosecuting Attorney stated on the record that the Co-Defendant had Pled Guilty First Degree Murder as an Accomplice of Petitioner

27. Defendant called the Co-Defendant Kerekes to the stand during trial, but he refused to testify. During discussion of this issue, the prosecuting attorney stated in front of the jury that Kerekes had pled guilty to First Degree Murder as an accomplice of the Petitioner who was the actual murderer.

28. Said comment was objected to and stricken from the record. However, Defense Counsel failed to request a curative instruction that any statement of an attorney is not evidence and they should not assume the truth of the statement.

29. Failure to request a curative instruction amounted to ineffective assistance of counsel and prejudiced the jury into believing that the Defendant had committed the crime and could have changed the outcome of the trial.

30. The failure to present request a curative instruction violated the Petitioner's right to effective assistance of counsel under the Sixth Amendment to the U.S. Constitution. **Wheat v. U.S.**, 486 U.S. 153, 108 S.Ct. 1692 (1988).

## II. PETITIONER'S RIGHT TO BE FREE FROM ILLEGAL SEARCHES AND SEIZURES UNDER THE FOURTH AMENDMENT WAS VIOLATED BY THE SEARCH OF HIS RESIDENCE AT 1028 STRATEM COURT, VIRGINIA BEACH, VIRGINIA.

31. Petitioner has a right to be free from unlawful searches and seizures under the Fourth Amendment of the U.S. Constitution.

32. The search warrant issued for the items to be seized during search of this house was so broad that it violated the particularity clause of the 4th Amendment and could only be categorized as a general investigative search.

33. Further, the police exceeded even this broad scope of the warrant by picking up items not listed and which were not contraband.

34. The Commonwealth of Pennsylvania did not provide an opportunity for full and fair litigation of this Fourth Amendment claim, therefore this claim is not precluded under **Stone v. Powell,**, 428 U.S. 465 (1976) in that the Superior Court issued only a three page opinion and did not address this issue.

35. The Defendant should be granted a new trial on the grounds that the items seized from the home in Virginia Beach were obtained in a search in

violation of Defendant's Constitutional rights under the Fourth Amendment and he was prejudiced as a result.

### III. DEFENDANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS WERE VIOLATED

#### A. Prosecutorial Misconduct by Commonwealth

36. The Prosecuting Attorney sought to disqualify Attorney Demetrius Fannick solely because Fannick had recently obtained an acquittal in an infamous capital murder case and he wished to deprive Petitioner of very effective defense counsel.

37. This act, together with disqualification of the Public Defender's office, constituted prosecutorial misconduct violating the Petitioner's rights to due process of law.

38. The Defendant was prejudiced by the actions of the Commonwealth in sabotaging his ability to obtain the most effective counsel in this first degree murder case.

#### B. PCRA Court's Denial of Motion for Psychiatric Evaluation

39. Following the filing of the PCRA Petition, PCRA Counsel filed a Motion to have the Psychiatric Evaluation that had been approved be performed by Dr. Richard Bohn Krueger. Said Motion was denied by the Court.

40.  The denial of said Motion resulted in a violation of Petitioner's right to due process of law in that he had a right to establish that his Sixth Amendment right to effective assistance of counsel had been violated.

41.  The Defendant was prejudiced because this evidence would have established that he was an abused spouse and under duress at the time that he was living with Mr. Kerekes both prior to and after the murder of Mr. Kocis.

## Conclusion

Petitioner's conviction of First Degree Murder with a sentence of life imprisonment without parole, violates the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and consequently, this Court cannot permit his conviction to stand.

WHEREFORE, the Petitioner respectively requests that your Honorable Court grant the writ of habeas corpus.

Respectfully submitted,

By: /s/William Ruzzo, Esquire
William Ruzzo, Esquire
590 Rutter Avenue
Kingston, PA 18704
(570) 288-7799
Attorney for Petitioner

Dated: _____

## **CERTIFICATE OF SERVICE**

     I, William Ruzzo, Esquire hereby certify that on this day, I served a copy of the foregoing upon the following by United States Mail, first class, postage prepaid:

Stephanie Salavantis, Esquire
District Attorney of Luzerne County
North River Street
Wilkes-Barre, PA 19711

                         By: /s/William Ruzzo, Esquire
                         William Ruzzo, Esquire
                         590 Rutter Avenue
                         Kingston, PA 18704
                         (570) 288-7799
                         Attorney for Petitioner

Dated: _____